# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMMIE A. DELOACH and<br>LAURIE DELOACH,<br><br>    Plaintiffs,<br><br>    vs.<br><br>STANDARD INSURANCE COMPANY and<br>J.A. JONES, INC.,<br><br>    Defendants. | Case No. 1:02-CV-00138 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Laurie DeLoach's motion to be substituted for her deceased husband Sammie DeLoach and for leave to reopen this case out of time (Doc. No. 61). The motion is fully briefed and ready for disposition.[1]

**Background**

Because the standard for filing a motion for leave to file out of time requires addressing "all the relevant circumstances," Maritz, Inc. v. C/Base, Inc., 4:06CV761 CAS, 2007 WL 2302511, at *2 (E.D. Mo. August 7, 2007) (citing Pioneer Inv. Servs Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)), the Court will discuss the procedural history of this case.

In October 2002, Plaintiffs Sammie and Laurie DeLoach ("Plaintiffs") filed this action for long term disability benefits under an employee welfare benefit plan sponsored by Sammie DeLoach's employer, J.A. Jones, Inc. ("Jones") and administered by Standard Insurance Company ("Standard") (Doc. No. 1). Under the plan, Jones was to self-insure the first 60 months

---

[1] Plaintiff has requested oral argument (Doc. No. 63). Finding that the issues have been extensively briefed and that oral argument would not assist the Court, the request is denied.

of any award of disability benefits; any liability for benefits thereafter would be Standard's alone (see Doc. No. 70 at 3-4).[2]

On October 1, 2003, Jones filed a Suggestion of Bankruptcy (Doc. No. 56); on October 6, 2003, all proceedings in this matter were stayed (Doc. No. 57). On November 21, 2003, the Court administratively closed this file subject to reopening upon motion by the Plaintiffs. The Court's order specifically directed Plaintiffs to file their motion "no later than thirty (30) days after the bankruptcy court's action, which shall include a statement of the facts and procedural history, including significant actions taken in proceedings in any United States Bankruptcy Court" (Doc. No. 58). On December 17, 2007, the United States Bankruptcy Court for the Western District of North Carolina disallowed Plaintiffs' claims against Jones and expunged them from the record (Doc. No. 61-3). Sammie DeLoach died on June 29, 2008 (Doc. No. 61-8). The bankruptcy proceedings concluded in April 2014 (Doc. No. 61-6). Two years later, Laurie DeLoach ("DeLoach") filed the instant motion to reopen this case. She also seeks to be substituted for her deceased husband pursuant to Fed. R. Civ. P. 25(a)(2).

**Legal standard**

Federal Rule of Civil Procedure 6(b) authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect." Whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant

---

[2] During the first 24 months of any disability, the "Own Occupation" definition of disability applied. This standard meant that a plan participant could qualify for benefits if he was unable to perform any employment that involved material duties of the same general character as his regular and ordinary employment. Thereafter, the "Any Occupation" definition applied. Under this standard, a plan participant would qualify for benefits only if he was unable to perform the material duties of any gainful occupation as a result of physical disease injury or mental disorder. (See Doc. No. 70 at 3-4) As of October 2002, when Plaintiffs filed their complaint, the only issue decided was that Sammie DeLoach did not qualify for benefits under the "Own Occupation" standard. According to Standard, different evidence would be relevant had he later decided to file a claim for benefits under the "Any Occupation" standard. (Id. at 5)

2

circumstances surrounding the party's omission." In re Harlow Fay, Inc., 993 F.2d 1351, 1352 (8th Cir. 1993) (quoting Pioneer, 507 U.S. at 395)). In making this determination, the Court must consider a number of factors, including (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith. Maritz, 2007 WL 2302511, at *2; see also Sugarbaker v. SSM Health Care, 187 F.3d 853, 855–56 (8th Cir. 1999). Plaintiff has the burden to demonstrate "excusable neglect." See Huggins v. FedEx Ground Package System, Inc., 592 F.3d 853, 856 (8th Cir. 2010). The Eighth Circuit has indicated that the reason given for the late filing is the key consideration in determining whether there is excusable neglect. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

**Discussion**

In her motion, DeLoach asserts that intervening circumstances beyond her control made it difficult, "if not impossible," to timely file her motion to reopen this case. In particular, she points to the fact that Jones' bankruptcy proceedings spanned ten years, during which time she and her husband relocated from Missouri and her husband died (Doc. No. 62 at 5-6). DeLoach asserts her counsel did not receive notice when the bankruptcy case was concluded in April 2014, and that once discovered, counsel had to locate case files, obtain documents from the bankruptcy court, and evaluate the legal effects of her husband's death and the bankruptcy court's rulings on the claims asserted in this action (id. at 6). Notably, DeLoach does not assert that she and her husband did not receive notice in 2007 when the bankruptcy court disallowed their claims against Jones and expunged them from the record. DeLoach contends that Standard will suffer no prejudice from reopening this case because at the time the case was stayed, Standard's summary judgment motion was fully briefed and ready for disposition (id.).

Standard opposes the motion, arguing that it has been severely prejudiced by DeLoach's delay in seeking to reopen this case, and that her delay is not attributable to excusable neglect (Doc. No. 70). Standard states its motion for summary judgment was directed to Sammie DeLoach's claim for benefits under the "Own Occupation" standard and did not address any future claim for benefits under the "Any Occupation" standard (id. at 5). Standard also maintains that Plaintiffs' involvement in the bankruptcy proceedings was terminated as of December 17, 2007, when the bankruptcy court disallowed and expunged their claims against Jones (id. at 12-13). Had Plaintiffs moved to reopen this case at that time, Standard would have been able to fully evaluate Sammie DeLoach's medical condition to determine whether he was disabled from "Any Occupation" in December 2005 for it to be liable for disability benefits. Unfortunately, Sammie DeLoach died in June of 2008, and Standard cannot have him examined. Standard states that given the passage of time, it is unlikely that it can obtain Sammie DeLoach's full and complete medical records (id. at 8-10). The Court notes that independent medical examinations are frequently not conducted in these cases. Moreover, Standard does not actually know whether or not Sammie DeLoach's medical records still exist. While the danger of prejudice to the non-moving party is a consideration, see Maritz, 2007 WL 2302511, at *2, the more compelling issue for the Court is the lack of excusable neglect on the part of DeLoach.

Plaintiffs initiated this case in 2002. Once the case was stayed on Jones' Suggestion of Bankruptcy, Plaintiffs had an obligation to monitor the bankruptcy proceedings and inform the Court when those proceedings were finally concluded. Plaintiffs failed to timely comply with the Court's order. The delay is not a matter of days or weeks or even months. According to Standard, Plaintiffs had notice in December 2007 that their involvement in the bankruptcy proceedings had ended, but did not take action to reopen this case for nine years. Even assuming their obligation

4

to notify the Court began to run from April 9, 2014, when the bankruptcy proceedings were terminated, this still results in a significant delay of over two years.[3] In any event, Plaintiffs did not adequately preserve their claim. Plaintiffs could have pursued a separate claim for benefits against Standard at any time after December 2005, when Standard's liability under the plan was implicated; the automatic stay in the bankruptcy proceeding only prevented Plaintiffs from pursuing a claim against Jones. Indeed, Plaintiff concedes that Standard's liability was not affected by the Jones bankruptcy (see Doc. No. 62 at 4; Doc. No. 73 at 4). For these reasons, the Court concludes that DeLoach has not established excusable neglect and is, therefore, not entitled to reopen this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Laurie DeLoach's Motion for Leave to Reopen Case [61] is **DENIED**. A separate Judgment of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff Laurie DeLoach's Motion for Substitution [61] is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Plaintiff's Request for Oral Argument [63] is **DENIED**.

Dated this 13th day of December, 2016.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[3] While DeLoach asserts her counsel did not receive notice when the bankruptcy case was concluded in April 2014, Standard points out that pursuant to Local Rule 2090-2 of the Western District of North Carolina Bankruptcy Court, out-of-state attorneys are permitted to monitor bankruptcy proceedings without retaining local counsel. Had such action been taken, DeLoach would have known within hours of the termination of the Jones bankruptcy proceedings (Doc. No. 70 at 15). Ignorance of the rules does not usually constitute excusable neglect. See Pioneer, 507 U.S. at 392.